IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JARVIS D. RUFF, #266-156 | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v | * | Civil Action No. JFM-13-639 |
| | * | |
| CORIZON HEALTH | * | |
| | * | |
| Defendant | * | |
| | *** | |

**MEMORANDUM**

This matter is before the court on Jarvis Ruff's complaint filed under 42 U.S.C. § 1983, motion to proceed in forma pauperis, and motion for appointment of counsel. Ruff complains that beginning in 1997, and at various times in 1998, 2003, 2004, 2005, 2006, he was prescribed courses of Doxycycline, an antibiotic, for a skin disorder, but not advised about the possible side effects of its short or long-term use. According to Ruff, on August 8, 2001, he complained for the first time of a breathing problem which has worsened over time. He also complains that his teeth are beginning to discolor, a problem he attributes to Doxycycline. Ruff asks for compensatory and punitive damages of $ 5,250,000 against each defendant. After reviewing the complaint, this court finds it appropriate to dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because it fails to state a claim on which relief can be granted. Plaintiff's Motion to Proceed in Forma Pauperis (ECF No. 2) will be granted and his Motion for Appointment of Counsel (ECF No. 3) will be dismissed as moot.

    **I.**        **FAILURE TO COMPORT WITH F. R. C. P. 8 (a)**

Federal Rule of Civil Procedure 8(a) sets forth a liberal pleading standard, which requires only a " 'short and plain statement of the claim showing the pleader is entitled to relief,' in order to 'give the defendant fair notice of what ... the claim is and the grounds upon which it rests.' "

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While the court is mindful that the pleadings of self-represented litigants are accorded liberal construction, *see Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978), and courts are charged with liberally construing a complaint filed by a pro se litigant to allow for the development of a potentially meritorious case, *see Hughes v. Rowe*, 449 U.S. 5, 9 (1980), liberal construction, does not mean a court can ignore a clear failure to allege facts that set forth a cognizable claim, *see Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990). Even under the liberal standard of review for pro se pleadings, the complaint fails to set forth a discernible cause of action to which a defendant could respond.

## II.    DISCUSSION

A § 1983 claim is not an independent source of substantive rights but is a vehicle by which a plaintiff can bring suit against a state for violations of federal or constitutional laws. *See* 42 U.S.C. § 1983 ("Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws. ") In the complaint, Ruff fails to identify a federal or constitutional law that defendants allegedly violated.  Accordingly, he has failed to state a claim upon which relief can be granted.

To the extent Ruff may intend to raise an Eighth Amendment claim for failure to provide adequate medical care, he fails to  allege defendant acted with requisite deliberate indifference to his serious medical needs in order to state a justiciable constitutional claim. When prison officials  show "deliberate indifference" to a prisoner's "serious medical needs," their actions or omissions give rise to an Eighth Amendment violation. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  The prison official "must both be aware of facts from which the inference could be

drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The medical treatment provided must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness. *See Miltier,* 896 F.2d 848, 851 (4th Cir 1990). A defendant must know of and disregard an excessive risk to inmate health or safety. Mere negligence or malpractice does not rise to a constitutional level.[1] *See Estelle*, 429 U.S at 105-06. Ruff's claim is predicated on his belief that his care was negligent and medical providers committed malpractice. Ruff does not allege facts to suggest defendant acted with requisite deliberate indifference to establish an Eighth Amendment violation,[2] and accordingly, the complaint fails to state a cognizable constitutional claim.

Additionally, the complaint fails to name a defendant amenable to suit. This court notes that Corizon Health, formerly Correctional Medical Services, is a private corporation that contracts with the State of Maryland to provide medical services to inmates at certain state institutions. Corizon administers medical care only through its agents and employees. Insofar as Russ may intend to hold the defendant corporation liable under the doctrines of respondeat superior,[3] the principle is generally inapplicable in § 1983 actions. *See Vinnedge v. Gibbs*, 550 F.2d 926, 927–99 (4th Cir. 1977); *see also Monell v. Department of Social Services of City of N.Y.*, 436 U.S. 658, 691 (1978).

Lastly, this matter appears to be time-barred. "Section 1983 provides a federal cause of action, but in several respects relevant here federal law looks to the law of the State in which the

---

[1] Under Maryland law, a claim of medical negligence or malpractice may proceed only after review before the Maryland Health Claims Arbitration Board. *See* Md. Code, Cts & Jud. Proc., § 3–2A–01 et seq.; *see also Carroll v. Konits*, 400 Md. 167, 172, 929 A.2d 19, 22 (2007); *Davison v. Sinai Hospital of Baltimore, Inc.*, 462 F. Supp. 778, 779–81 (D. Md.1978); *Group Health Association, Inc. v. Blumenthal*, 295 Md. 104, 114, 453 A.2d 1198 (1983).

[2] Ruff provides no facts suggesting Doxycycline was the cause of either his breathing or dental problems.

[3] Respondeat superior is a legal doctrine whereby an employer may be held responsible for its employees.

cause of action arose. This is so for the length of the statute of limitations: It is that which the State provides for personal-injury torts." *Wallace v. Kato*, 549 U.S. 384, 387 (2007), citing *Owens v. Okure*, 488 U.S. 235, 249–250, (1989); *Wilson v. Garcia*, 471 U.S. 261, 279–280, (1985). In Maryland the applicable statute of limitations is three years from the date of the occurrence. *See* Md. Cts & Jud. Proc.Code Ann. § 5–101.  By his own account, Ruff became aware of his breathing problem in 2001 and his dental problem in 2000, some twelve years before this case was filed.

### III.   CONCLUSION

For these reasons, the court will dismiss this case for failure to state a cause of action upon which relief may be granted.  The Motion to Proceed in Forma Pauperis will be granted and the Motion for Appointment of Counsel will be dismissed as moot.  A separate order follows.


<u>March 29, 2013</u>               _____/s/_____
Date                                                  J. Frederick Motz
                                                           United States District Judge